UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ROGER VANCE, JAMES SWANN, and JAMES VINES, | ) ) ) | Case No. 1:22-cv-178 |
|---|---|---|
| *Plaintiffs*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Christopher H. Steger |
| WASHINGTON COUNTY JAIL | ) ) ) | |
| *Defendant*. | ) | |

## MEMORANDUM AND ORDER

This is a jointly filed pro se prisoners' action under 42 U.S.C. § 1983. (*See* Doc. 1.) Before the Court is Plaintiff Vance's motion for leave to proceed *in forma pauperis* (Doc. 2).

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). None of the Plaintiffs have paid the required $402.00 filing fee or submitted the proper documents to proceed *in forma pauperis*. Plaintiff Vance has not filed a certified copy of his inmate trust account for the previous six-month period, and Plaintiffs Swann and Vines have wholly failed to file an application to proceed *in forma pauperis*.

Therefore, Plaintiffs shall have thirty days from the date of entry of this Order to pay the full filing fee or to submit the necessary documents. The Clerk is **DIRECTED** to send Plaintiffs Swann and Vines *in forma pauperis* applications and prisoner-account-statement forms, and to

send Plaintiff Vance a prisoner-account-statement form. Each Plaintiff is hereby **NOTIFIED** that if he fails to fully and timely comply with this Order, the Court shall presume that the non-compliant Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed as to the non-complaint Plaintiff for want of prosecution.

The Court notes that Plaintiff Vance contends that officials at the Washington County Jail refuse to complete his inmate account certification. (Doc. 2, at 3.) Accordingly, each Plaintiff is **DIRECTED** to show this Order to the custodian of trust accounts at his current facility, who is **DIRECTED** to make a copy of each Plaintiff's inmate trust account statement, to complete and sign the certificate, and to provide each Plaintiff with the certified copy of his inmate trust account statement for the previous six-month period.

Further, Plaintiffs are **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Finally, Plaintiffs are **ORDERED** to immediately inform the Court and Defendant of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action as to a Plaintiff that fails to comply with this duty.

**SO ORDERED.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**