UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROGER VANCE, JAMES SWANN, and JAMES VINES | ) ) ) Case No. 1:22-cv-178 |
| *Plaintiffs*, | ) ) Judge Travis R. McDonough |
| v. | ) ) Magistrate Judge Christopher H. Steger |
| WASHINGTON COUNTY JAIL | ) ) ) |
| *Defendant*. | |

## MEMORANDUM OPINION

This pro se civil rights action under 42 U.S.C. § 1983 was jointly signed by Washington County Jail prisoners James Swann, James Vines, and Roger Vance. (Doc. 1, at 5–6.) Plaintiffs did not remit the filing fee. Plaintiffs did purportedly file a joint motion seeking to proceed *in forma pauperis* (Doc. 2), but that motion was signed only by Plaintiff Vance and was deficient (*Id*. at 3–4.)

After reviewing the documents submitted by Plaintiffs, the Court entered an order on July 8, 2022, providing Plaintiff Vance thirty (30) days within which to submit a certified copy of his inmate trust account for the previous six-month period and for Plaintiffs Swann and Vines to submit the same along with separate applications to proceed *in forma pauperis*. (Doc. 3.) In its order, the Court warned each Plaintiff that if he failed to fully and timely comply with the Order's requirements, the Court would dismiss the case as to the non-compliant Plaintiff. (*Id*. at 2–3.)

The deadline for compliance has passed, and only Plaintiff Vines has complied with the Court's order. Specifically, the Court's order as to Roger Vance was returned as undeliverable

on July 21, 2022, with a notation that Plaintiff Vance had been released from custody. (Doc. 4, at 1.) On July 28, 2022, Plaintiff Swann submitted a letter to the Court indicating that Washington County officials refused to provide Plaintiff with a "copy of [his] inmate account." (Doc. 5, at 1.)

Upon due consideration of the Plaintiffs' filings and the applicable law, the Court finds, for the reasons that follow, that Plaintiff Vines will proceed as the sole Plaintiff in this action, and Plaintiffs Vance and Swann will be dismissed.

I. **PLAINTIFF JAMES VINES**

It appears from Plaintiff Vines's motion for leave to proceed *in forma pauperis* (Doc. 6) that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (i*d.*) is **GRANTED**.

Because Plaintiff is a prisoner, he is **ASSESSED** a civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff Vines' preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff Vines is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

Further, Plaintiff Vines is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, 28 U.S.C. §§ 1915(e)(2)(B), 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

## II. PLAINTIFFS VANCE AND SWANN

The Court finds that Plaintiffs Vance and Swann are at fault for failure to comply with the Court's prior order (Doc. 3) and are subject to dismissal. Specifically, Plaintiff Vance did not receive the order, because he has failed to update his address as required by the Court's local rules. *See* E.D. Tenn. L.R. 83.13. While Plaintiff Swann complained that jail officials refused to certify his inmate account or provide him with a copy of his inmate trust fund balance, he nonetheless failed to return the *in forma pauperis* application, which required no third-party assistance to complete and return.

Federal Rule of Civil Procedure 21 gives courts authority to dismiss a party from a lawsuit. *See* Fed. R. Civ. P. 21 ("On motion or own its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). When evaluating the propriety of a dismissal under Rule 21, courts should consider as guidance the standards of Federal Rule of Civil Procedure 41, which gives courts the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R.

Civ. P. 41(b); *see also Arnold v. Heyns*, No. 13–14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015).[1]

The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiffs Vance and Swann's failure to timely comply with the Court's order was due to each Plaintiffs' willfulness or fault. Plaintiff Vance did not receive the Court's order because he failed to update his address. Plaintiff Swann has replied to the Court's order, but only to complain about the denial of an inmate account statement without returning an *in forma pauperis* application.[2] Second, the Court finds that Plaintiffs Vance and Swann's failure to comply with the Court's order has not prejudiced Defendant, as it has not yet been served. Third, the Court's order expressly warned each Plaintiff that a failure to timely submit the required documents would result in his dismissal from this action. (Doc. 3.) Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiffs Vance and Swann have failed to comply with the Court's clear instructions. On balance, these factors support dismissal of Plaintiffs Vance and Swann from this action.

---

[1] The Sixth Circuit interprets Rule 41 to preclude dismissal of some, but not all, of the Defendants or claims in a civil action. *See, e.g., Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) (holding "action" in Rule 41 means the "entire controversy"); *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (holding Rule 41 only permits dismissal of entire controversy).

[2] The Court otherwise notes that Plaintiff Vines, who is confined in the same institution as Swann, did secure a certified inmate account statement and submit it to the Court.

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Plaintiffs Vance and Swann's individual statuses did not prevent them from complying with the Court's order, and their pro se status does not mitigate the balance of factors under Rule 41(b).

Accordingly, Plaintiff Vance and Swann are **DISMISSED** from this action, and the joint motion to proceed *in forma pauperis* signed solely by Plaintiff Vance (Doc. 2) is **DENIED** as moot.

### III. MISJOINDER OF PLAINTIFFS

Finally, the Court finds that Plaintiffs Vance and Swann should not otherwise be joined in this action under Rule 20(a) of the Federal Rules of Civil Procedure, as joint prisoner litigation is both impractical and inefficient for the Court. *See, e.g.*, *McLaurin v. Bagley*, No. 2:17-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017) (noting that there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder" even where Rule 20(a) permits it, including the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated" as well as the fact that prisoner litigants are "notably transitory") (citations omitted). Therefore, the Court will not permit Plaintiffs Vance and Swann to proceed jointly in this action, even if Plaintiffs Vance and Swann's deficiencies are subsequently cured. Instead, the Clerk is **DIRECTED** to designate Plaintiff James Vines as the sole Plaintiff in this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**