UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAMES VINES, | ) | |
| *Plaintiff*, | ) | Case No. 1:22-cv-178 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| WASHINGTON COUNTY JAIL, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

Plaintiff James Vines, an inmate in the custody of the Tennessee Department of Correction ("TDOC") currently housed in the Washington County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 concerning the conditions of his confinement (Doc. 1). Because Plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") requires the Court to screen his complaint to determine whether he has stated a justiciable claim. *See* 28 U.S.C. § 1915A. For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which § 1983 relief may be granted, and this action will be dismissed.

I.   **PLRA SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§

1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff complains that he has been denied phone and commissary privileges at the Washington County Jail and that he has been housed in protective custody against his will with two other inmates in the same cell. (Doc. 1, at 3–4.)

## III. ANALYSIS

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983. Therefore, a § 1983 claim requires a plaintiff to allege two elements: (1) "that a defendant acted under color of state law" and (2) "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted).

First, the Court finds that the Washington County Jail is a building—not a "person" subject to liability under § 1983. *See Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the

jail facility named as a defendant was not an entity subject to suit under § 1983."). Accordingly, the Washington County Jail is not a proper Defendant and must be dismissed.

Moreover, Plaintiff has not alleged that any policies and/or customs at the jail caused the alleged violations of his constitutional rights, and therefore, he has not otherwise stated a claim against Washington County itself. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 707–08 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Thus, Plaintiff cannot sustain a § 1983 claim against the sole Defendant named in this case.

The Court otherwise finds that Plaintiff's allegations fail to state a cognizable § 1983 claim, even if a viable Defendant were named. While Plaintiff complains that he has been denied the ability "to get phones" or order commissary, the Court finds that Plaintiff has no generally protected right to commissary or unfettered telephone privileges. *See, e.g.*, *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) (stating that "we know of no constitutional right of access to a prison gift or snack shop"); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (finding prisoners do not possess a "right to unlimited phone use[,]" but instead, "a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution.") (internal citation and quotation marks omitted). Plaintiff's complaint lacks sufficient factual detail for the Court to infer that the restrictions faced by Plaintiff run afoul of constitutional protections, and therefore, Plaintiff has failed to state a plausible § 1983 claim. *See Iqbal*, 556 U.S. at 678 (holding complaint tendering merely "'naked assertion[s]' devoid of 'further factual enhancement'" insufficient to render a claim facially plausible) (citing *Twombly*, 550 U.S. at 557).

Plaintiff's claims that he has been improperly placed on protective custody and housed in a cell with two other inmates likewise lack sufficient factual support to infer a constitutional violation. First, Plaintiff has no liberty interest in either his housing placement or in his security classification. *See, e.g.*, *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Accordingly, the fact that he was put on protective custody status against his will does not state a constitutional claim. Further, both the Supreme Court and the Sixth Circuit have held that overcrowding in a prison setting is not itself a violation of the Constitution. *Rhodes v. Chapman* 452 U.S. 337, 347-48 (1981); *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). Instead, to support a viable overcrowding claim, a prisoner must allege that the overcrowding results in "deprivations denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 337 U.S. at 347). Plaintiff has not alleged that overcrowding in his cell has denied him of "a basic human need, such as food, shelter, or warmth," and therefore, his allegations of overcrowding fail to state a plausible § 1983 claim. *Starnes v. Green Cnty. Sheriff's Dep't*, No. 2:08-cv-244, 2010 WL 2165368, at *5 (E.D. Tenn. May 26, 2010).

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**